**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TELEMEDICINE SOLUTIONS LLC | ) | |
| | ) | Civil Action No.: |
| Plaintiff, | ) | |
| v. | ) | Hon. Judge: |
| | ) | |
| JEFFREY NIEZGODA; | ) | |
| HYPERBARIC & WOUND CARE ASSOCIATES, S.C.; | ) | Magistrate Judge: |
| HYPERBARIC & WOUND CARE ASSOCIATES OF | ) | |
|   FOX VALLEY, S.C.; and | ) | |
| WEBCME, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | **JURY TRIAL DEMANDED** |

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

Plaintiff Telemedicine Solutions LLC (hereinafter "Telemedicine"), by its undersigned attorney, for their Complaint against Defendants Hyperbaric & Wound Care Associates, S.C., Hyperbaric & Wound Care Associates of Fox Valley, S.C., WebCME, Inc., and Jeffrey Niezgoda, states and alleges as follows:

**Cause of Action**

1. This is an action by Plaintiff Telemedicine against Defendants for federal and common law servicemark infringement, unfair competition, servicemark dilution and deceptive trade practices, and for federal anti-cybersquatting. Telemedicine seeks a preliminary and permanent injunction and damages, including treble damages and attorneys' fees for willfulness, under 15 U.S.C. §1117 and §1125, against Defendants preventing Defendants from further infringement of Telemedicine's federal and common law servicemark rights to Telemedicine's servicemark **"WOUND ROUNDS"** and formatives thereof, and from competing unfairly with Telemedicine and diluting the distinctiveness of Telemedicine's well known servicemark **"WOUND ROUNDS"** and

formatives thereof, and from cybersquatting.

## Parties

2.      Upon information and belief, Defendant Hyperbaric & Wound Care Associates, S.C. resides in Wisconsin, is a corporation organized under the laws of the State of Wisconsin, and has a principal place of business at 2901 W. Kinnickinnic River Pkwy, Suite 311, Milwaukee, Wisconsin 53215.

3.      Upon information and belief, Defendant Hyperbaric & Wound Care Associates of Fox Valley, S.C. resides in Wisconsin, is a corporation organized under the laws of the State of Wisconsin, and has a principal place of business at 5910 Glenhaven Dr., Greendale, Wisconsin 53129.

4.      Upon information and belief, Defendant WebCME, Inc. resides in Wisconsin, is a corporation organized under the laws of the State of Wisconsin, and has a principal place of business at 5910 Glenhaven Dr., Greendale, Wisconsin 53129.

5.      Upon information and belief, Defendant Jeffrey Niezgoda, an individual, is a citizen and resident of the State of Wisconsin, residing at 5910 Glenhaven Dr., Greendale, Wisconsin 53129, and is a principal, owner, director, officer and/or agent of Defendant Hyperbaric & Wound Care Associates, S.C., Defendant Hyperbaric & Wound Care Associates of Fox Valley, S.C., and Defendant WebCME, Inc.

6.      Plaintiff Telemedicine resides in Illinois, is a limited liability company organized under the laws of the State of Illinois, and has a principal place of business at 1721 Moon Lake Blvd., Suite 201, Hoffman Estates, IL 60169.

7.      Upon information and belief, Defendants have advertised in, marketed in, solicited and/or served consumers from, and have otherwise been doing, and are doing, business in the State

2

of Illinois and in this judicial district.

## Jurisdiction and Venue

8.  This action arises under the provisions of the Lanham Trademark Act of 1946, Title 15, United States Code, Section 1051 *et seq.*

9.  This Court has jurisdiction of these claims under, *inter alia*, the provisions of Sections 1331 and 1338 of Title 28, United States Code; Section 1121 of Title 15, United States Code; and Diversity of Citizenship under Title 28, United States Code, Section 1332. The amount in controversy is in excess of $75,000 exclusive of interests and costs.

10.  Upon information and belief, Defendants have transacted and/or transact business within the State of Illinois by, *inter alia*, advertising in Illinois, marketing in Illinois, soliciting consumers from Illinois, serving consumers from Illinois, broadcasting webcasts in Illinois, and otherwise doing business in the State of Illinois and in this judicial district. Upon information and belief, Defendants have further transacted and/or transact business within the State of Illinois by, *inter alia*, providing a website for their informational services and therein broadcastings and providing their informational services nationwide, including in Illinois. The parties' respective businesses are only approximately eighty (80) miles apart.

11.  Venue is proper in this District under, *inter alia*, the provisions of Section 1391 of Title 28, United States Code.

## Background Facts

12.  In July 2005, Telemedicine was organized as an Illinois limited liability company, and thereafter begin doing business in the wound care industry, promoting, marketing, selling and providing service related to its novel and patent pending WOUND ROUNDS system, an electronic documentation and wound care management system comprising computer hardware and software

that enables hospitals and nursing homes to proactively identify and systematically manage patients at risk for pressure ulcers, using hand held electronic device to capture complete, accurate data and point-of-care documentation at the patient bedside, and Internet-enabled technology to aggregate and store the information in a secure database, making the information readily available to all caregivers in a useable format, and enabling providers to improve quality of care, reduce costs, minimize risk and liability, and maximize reimbursement for wound care.

13. In February 2006, Telemedicine obtained and registered the domain name woundrounds.com, and thereafter has built a substantial web presence, not only through its website www.woundrounds.com, but also through numerous social media websites such as YouTube, FaceBook, LinkedIn and Twitter. Through this substantial web presence, Telemedicine provides a wide array of informational services relating to wound care and management and the wound care industry in general.

14. At least as early as November 1, 2006, Telemedicine has provided services identified as internet-based health care information services; providing a web site featuring medical information; providing a website featuring information in the field of the diagnosis and treatment of wounds and wound care; providing healthcare information; providing medical information; providing news and information in the field of medicine; providing on-line information, news and commentary in the field of health and wellness relating to the wound care industry and educational webinars and video series relating to wound care.

15. At least as early as November 1, 2006, Telemedicine has provided goods identified as an electronic documentation and wound care management system comprising computer hardware and software that enables hospitals and nursing homes to proactively identify and systematically manage patients at risk for pressure ulcers, using hand held electronic device to capture complete,

4

accurate data and point-of-care documentation at the patient bedside, and Internet-enabled technology to aggregate and store the information in a secure database, making the information readily available to all caregivers in a useable format, and enabling providers to improve quality of care, reduce costs, minimize risk and liability, and maximize reimbursement for wound care.

16. At least as early as March 5, 2007, Telemedicine has provided education services, namely, providing live and on-line webinars, social media presentations, seminars, and teleconferences in the field of wound care, the management and prevention of wounds, and information relating to wound care and the wound care industry.

17. At least as early as January 20, 2010, Telemedicine has provided goods identified as downloadable webinars in the field of wound care, the management and prevention of wounds, and webinars relating to information regarding wound care and the wound care industry.

18. Telemedicine has secured U.S. Trademark Registration No. 4,085,591 for the mark **"WOUND ROUNDS"** for its system described in paragraph 14, supra. Telemedicine also has a pending trademark application (U.S. Application Serial No. 77/899,282) for its **"WOUND ROUNDS" LOGO** mark, for the system described in paragraph 14, supra. Additionally, Telemedicine has a pending trademark application (U.S. Application Serial No. 85/536,317) for the mark **"WOUND ROUNDS"** for the goods and services described in paragraphs 13, 15 and 16, supra. Copies of these federal applications and federal registration are attached hereto as Group Exhibit 1.

19. Over approximately the last seven years, Telemedicine has expended substantial time and resources marketing and promoting the "**WOUND ROUNDS**" name and mark in connection with its aforementioned goods and services, such that the name and mark "**WOUND ROUNDS**" has become well known throughout the wound care industry, as emanating from Telemedicine alone.

5

20.     Telemedicine's name and mark **"WOUND ROUNDS"** has developed considerable goodwill and is well established and well regarded, and held in high repute by its customers, the trade and by the public throughout the nation, through extensive advertising and promotion of its goods and services throughout the United States including in this judicial district, such that over approximately the last seven (7) years, the mark **"WOUND ROUNDS"** has become associated in the minds of the purchasing public, companies and consumers nationwide and within this judicial district with Telemedicine alone.

21.     Because of the extensive use and promotion of Telemedicine's mark **"WOUND ROUNDS"** for the aforementioned goods and services, the relevant public has come to identify all such goods and services offered under the mark **"WOUND ROUNDS"** as coming from Telemedicine alone.  The goodwill and reputation associated with Telemedicine in connection with its well known mark **"WOUND ROUNDS"** is believed to have an asset value to Telemedicine that is estimated to be worth millions of dollars.

22.     Upon information and belief, Defendants have unlawfully used and/or are unlawfully using Telemedicine's name and mark "**WOUND ROUNDS**" for the same or similar goods or services as those identified for Telemedicine's mark **"WOUND ROUNDS,"** with the addition of the term "LIVE" thereafter, within this judicial district and elsewhere. Printouts of Defendants' website showing their infringing use are attached as Exhibit 2.  Upon information and belief, Defendants have unlawfully registered and have used the domain name www.woundroundslive.com in the nationwide promotion of their informational services (Exhibit 2).  Telemedicine began using and advertising in commerce throughout the United States, and obtained federal registration of its mark **"WOUND ROUNDS,"** long prior to Defendants adoption and use of the confusingly similar and infringing mark "WOUND ROUNDS LIVE" and domain name woundroundslive.com.

23.     Upon information and belief, the Defendants aired their first webinar under the infringing name "WOUND ROUNDS LIVE" on September 28, 2011, and have since aired four other episodes of their "WOUND ROUNDS LIVE" webinars (Exhibit 2).

24.     In October of 2011, the Defendants, through Defendant WebCME, Inc., contacted Telemedicine seeking to "work together in the future," to "produce a commercial" for Telemedicine and air it on woundroundslive.com so that it "would be seen by big players in the industry," and to feature Telemedicine's "WOUNDROUNDS" on a segment of "WRL." (See email from WebCME, Inc. to Telemedicine dated October 27, 2011, attached hereto as Exhibit 3).

25.     Telemedicine has declined the Defendants' solicitation to "work together in the future," and has objected to the Defendants' use of Telemedicine's name and mark "**WOUND ROUNDS.**" On February 10, 2012, Telemedicine sent the Defendants a cease and desist letter demanding the Defendants' stop their infringement and change the name of their webinars and their domain name. A copy of this cease and desist letter is attached hereto as Exhibit 4.

26.     On February 24, 2012, Defendants' counsel responded to Telemedicine's cease and desist letter, wherein the Defendants refused to ceased and desist their infringement. A copy of Defendants' counsel's response letter is attached hereto as Exhibit 5.

27.     On February 27, 2012, Telemedicine's counsel responded to Defendants' counsel's letter of February 24, 2012, once again demanding that the Defendants change their infringing name. A copy of Telemedicine's counsel's letter is attached hereto as Exhibit 6. This letter requested a response by March 11, 2012.

28.     Not having received a response, on March 12, 2012, Telemedicine's counsel emailed the Defendants' counsel inquiring as to whether a response to the February 27, 2012 had been made. (See email of March 12, 2012 attached as Exhibit 7). Again not having received any response,

Telemedicine's counsel telephoned Defendants' counsel on March 14, 2012 and was informed that no response had been made yet. Telemedicine's counsel made a follow-up call and a follow-up email on March 15, 2012, requesting a response by March 16, 2012 (See email of March 15, 2012 attached as Exhibit 8). Upon information and belief, the Defendants still have not responded to Telemedicine's counsel's letter of February 27, 2012.

29. Upon information and belief, the Defendants' infringing use and/or continued use of Telemedicine's name and mark "**WOUND ROUNDS**" has been with the full knowledge of Telemedicine's use of the name and mark "**WOUND ROUNDS**" and has been intentional, willful and deliberate. Upon information and belief, Defendants unlawfully, willfully and in bad faith began using and/or continue using Telemedicine's mark "**WOUND ROUNDS**" for the same or similar services as those of Telemedicine and its mark **"WOUND ROUNDS,"** even after having had actual knowledge of Telemedicine's use and its federal registration and pending applications for registration**.**

30. By providing the same or similar services using the same mark "**WOUND ROUNDS**" with the additional term "LIVE," Defendants are unlawfully and willfully infringing upon Telemedicine's mark **"WOUND ROUNDS,"** and Defendants are unlawfully taking full advantage of, and are misappropriating the goodwill of Telemedicine's well known mark **"WOUND ROUNDS"**, thereby causing a likelihood of confusion, mistake, or deception to customers, the wound care industry and the public at large, and depriving Telemedicine of its undiluted right to its mark **"WOUND ROUNDS"** and the resulting goodwill therefrom.

31. Defendants' informational services are marketed, offered and/or provided, including through their website, in the same, overlapping or close geographic locations wherein Telemedicine's informational services are marketed, offered and/or provided to the same prospective

customers, consumers, industry personnel and decision makers who would consume and/or use Telemedicine's and Defendants' respective informational services and/or goods. Thus, it is likely that these consumers and decision makers will be confused and/or mistaken as to the origin of these services or affiliation between the parties hereto.

32.     Through their continued use of the mark "**WOUND ROUNDS**," and having been put on actual notice by Telemedicine through a series of correspondence between Telemedicine and Defendants, and Telemedicine's counsel and Defendants' counsel, Defendants willfully continue to violate Telemedicine's servicemark rights under Federal and Common Law.

33.     The use by Defendants of the name and mark "**WOUND ROUNDS**" and the domain name woundroundslive.com, for the same or similar services constitutes a misappropriation of Telemedicine's goodwill, dilutes the distinctiveness of Telemedicine's well known name and mark, and further is likely to confuse customers, consumers, industry personnel and the general public as to the source of Defendants' services, and/or as to the sponsorship, affiliation and/or connection with Telemedicine and/or its services and/or goods, and further, has and will continue to create the impression that Telemedicine is responsible for the quality of the services offered or provided by Defendants when Telemedicine is not.

34.     Customers, consumers, industry personnel and the general public using internet search engines looking to find Telemedince's website www.woundrounds.com, or searching for information regarding Telemedicine's "**WOUND ROUNDS**" goods and services, are likely to be confused or misdirected to the Defendants' website www.woundroundslive.com, and are likely to mistaking believe that www.woundroundslive.com is Telemedicine's website, or that Telemedicine is affiliated with, sponsors or is otherwise associated with the Defendants or with Defendants' website when Telemedicine is not. Attached hereto as Exhibit 9 are search results generated by a

Google internet search for the search terms "**WOUND ROUNDS**," which predominantly display links to the Defendants' website.

## COUNT I

### Federal Servicemark Infringement

35. Telemedicine repeats and realleges paragraphs 1-34 as though fully stated herein.

36. Defendants have willfully infringed upon Telemedicine's servicemark rights and otherwise have willfully competed unfairly with Telemedicine by knowingly offering and providing, in the same, overlapping or close geographical locations, services with are likely to cause confusion, mistake or deceit with Telemedicine, after Telemedicine had been offering and providing its services, with full knowledge that Telemedicine has been providing said services under the mark **"WOUND ROUNDS,"** in violation of 15 U.S.C. §1114.

37. Telemedicine requests this Court to declare that Defendants are a willful infringer under 15 U.S.C. §1117 and under other applicable laws and to award to Telemedicine treble damages and attorneys' fees and costs as a result of said willful infringement.

## COUNT II

### Common Law Servicemark Infringement

38. Telemedicine repeats and realleges paragraphs 1-37 as though fully stated herein.

39. Defendants' use of "**WOUND ROUNDS LIVE**" for the same or similar services as Telemedicine provides under its name and mark **"WOUND ROUNDS"** creates a likelihood of confusion and deception in the public mind as to the source or affiliation of the services and further creates the wrongful impression that Telemedicine is responsible for the quality and rendering of Defendants' services when, in fact, it is not.

40. Defendants' unauthorized use of Telemedicine's well known servicemark **"WOUND**

10

**ROUNDS"** after Telemedicine's first use, creates a likelihood of confusion, mistake and/or deception in the public mind as to the source of Defendants' services and further creates the wrongful impression that Telemedicine is responsible for the quality and rendering of Defendants' services when, in fact, it is not.

41.     Defendants' acts have been intentionally committed and have caused and, unless enjoined by this Court, will continue to cause irreparable harm, damage and injury to Telemedicine, in violation of the Common Law.

**COUNT III**

**<u>Federal Unfair Competition</u>**

42.     Telemedicine repeats and realleges paragraphs 1-41 as though fully stated herein.

43.     Defendants' unlawful rendering of services under the name "**WOUND ROUNDS LIVE**" has and/or is likely to cause confusion among customers, consumers, industry personnel and/or the public and leads them to believe that the services advertised, offered and provided by Defendants originate from Telemedicine or that Telemedicine has licensed, approved or somehow sponsored Defendants' services, or that Telemedicine is in some way related or connected with Defendants, when in fact no such relationship exists.

44.     Upon information and belief, Defendants' services are marketed, offered and provided in the same, overlapping and/or close geographic locations wherein Telemedicine's services are marketed, offered and provided to the same prospective customers and decision makers who would purchase or use Telemedicine's and Defendants' respective services.

45.     Defendants' conduct in essentially copying, duplicating and imitating Telemedicine's well known name and servicemark "**WOUND ROUNDS**" was and is totally unauthorized and constitutes unfair competition with Telemedicine in an attempt to palm-off or permit others to palm-

11

off Defendants' services as those of Telemedicine or to benefit from Telemedicine's goodwill.

46.    Defendants' copying, duplication and imitation of Telemedicine's well known name and servicemark "**WOUND ROUNDS**" without proper authorization is a false designation of origin, and a deceptive or false representation as to the source or affiliation of Defendants' services, so that the purchasing public and others mistakenly believe that Defendants' services are offered or sold by Telemedicine or affiliated or sponsored by Telemedicine when in fact they are not. The same customers or consumers of Telemedicine and Defendants would in fact each be the same decision maker to purchase or use Telemedicine's and Defendants' services.

47.    Defendants' use of Telemedicine's mark **"WOUND ROUNDS"** is likely to cause confusion and mistake as to the source or sponsorship of their services, or as to the relationship between those services and the services offered by Telemedicine, and such use of "**WOUND ROUNDS**" by Defendants constitutes a false representation as to the source or affiliation of said services and a false designation of origin, in violation of §43(a) of the Lanham Act.

48.    Because of Telemedicine's extensive nationwide promotion and rendering of its services to consumers from across the nation, offered and provided under its name and mark **"WOUND ROUNDS",** and the valuable goodwill and reputation afforded its name and mark **"WOUND ROUNDS"** by the public at large, including in this judicial district and elsewhere, use of the mark "**WOUND ROUNDS**" by Defendants affords Defendants the opportunity to take advantage of Telemedicine's advertising and promotional expenditures and tremendous goodwill without cost or expense.

49.    By reason of Defendants' acts, Telemedicine's rights under 15 U.S.C. §1125(a) have been violated. Defendants' acts have caused, and unless restrained by this Court, will continue to cause irreparable harm, damage and injury to Telemedicine's business and goodwill.

12

50. Telemedicine has no adequate remedy at law.

## COUNT IV

### Unfair Competition under the Common Law

51. Telemedicine repeats and realleges paragraphs 1-50 as though fully stated herein.

52. Defendants' offer, sale and or rendering of services using Telemedicine's mark **"WOUND ROUNDS"** has and is likely to continue to injure Telemedicine business reputation and to dilute the distinctive quality of Telemedicine's name and mark **"WOUND ROUNDS"** in violation of the Common Law.

53. Defendants have unfairly competed with Telemedicine by the acts complained of, have done so intentionally, and have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage and injury to Telemedicine.

54. Telemedicine has no adequate remedy at law.

## COUNT V

### Federal Servicemark Dilution

55. Telemedicine repeats and realleges paragraphs 1-54 as though fully stated herein.

56. Defendants' aforesaid unauthorized use of Telemedicine's well known name and servicemark **"WOUND ROUNDS"** for the same or similar services dilutes the distinctive quality of Telemedicine's mark in violation of 15 U.S.C. §1125(c).

57. Defendants' dilution of Telemedicine's well known name and servicemark **"WOUND ROUNDS,"** unless restrained and enjoined, will continue to cause significant and substantial damage to Telemedicine and its name and mark by, *inter alia*, lessening the strength of the name and servicemark **"WOUND ROUNDS,"** lessening the value of the name and servicemark **"WOUND ROUNDS,"** preventing or severely limiting Telemedicine from expanding its goods or

services, and sending the message to other infringers that they can encroach upon Telemedicine's rights to their benefit and to the determent of Telemedicine.

58. The damage to Telemedicine from Defendants' dilution of Telemedicine well known name and servicemark **"WOUND ROUNDS"** is believed to be in excess of several millions of dollars.

## COUNT VI

### Common Law Servicemark Dilution

59. Telemedicine repeats and realleges paragraphs 1-58 as though fully stated herein.

60. Defendants' aforesaid unauthorized use of Telemedicine's well known name and servicemark **"WOUND ROUNDS"** for the same or similar services dilutes the distinctive quality of Telemedicine's mark in violation of the common law.

61. Defendants' dilution of Telemedicine's well known name and servicemark **"WOUND ROUNDS,"** unless restrained and enjoined, will continue to cause significant and substantial damage to Telemedicine and its name and mark by, *inter alia*, lessening the strength of the name and servicemark **"WOUND ROUNDS,"** lessening the value of the name and servicemark **"WOUND ROUNDS,"** preventing or severely limiting Telemedicine from expanding its goods or services, and sending the message to other infringers that they can encroach upon Telemedicine's rights to their benefit and to the determent of Telemedicine.

62. The damage to Telemedicine from Defendants' dilution of Telemedicine's well known name and servicemark **"WOUND ROUNDS"** is believed to be in excess of several millions of dollars.

## COUNT VII

### Federal Anti-Cybersquatting

14

63.     Telemedicine repeats and realleges paragraphs 1-62 as though fully stated herein.

64.     Defendants' aforesaid unauthorized use of Telemedicine's well known name and servicemark **"WOUND ROUNDS"** and the use of the domain name www.woundroundslive.com for the same or similar services violates Telemedicine's rights under 15 U.S.C. §1125(d).

**WHEREFORE,** plaintiff Telemedicine, prays:

A.     That this Court preliminarily, permanently and finally enjoin Defendants from using the mark "**WOUND ROUNDS**" alone or with other words, and from infringing Telemedicine's name and servicemark **"WOUND ROUNDS"**, and from diluting the distinctiveness thereof, and damaging the reputation of Telemedicine and otherwise competing unfairly with Telemedicine, and misappropriating Telemedicine's extensive goodwill;

B.     That this Court award to Telemedicine such damages as Telemedicine has sustained in consequence of Defendants' infringement and/or dilution of said servicemark and said other unlawful acts and activities, including but not limited to Defendants' profits, and to account for all gains, profits and advantages derived by Defendants therefrom, and to award appropriate exemplary damages so as to set an example that the willful acts of Defendants cannot be condoned;

C.     That this Court award to Telemedicine three times the amount of (1) defendant's profits, (2) any damages sustained by Telemedicine, and (3) the costs of this action, pursuant to 15 U.S.C. §1117(a), and further that this Court hold that this is an exception case and award Telemedicine its reasonable attorneys' fees under 15 U.S.C. §1117(a);

D.     That this Court award to Telemedicine three times such profits or damages, whichever is greater, together with reasonable attorneys' fees under 15 U.S.C. §1117(b) in view of Defendants' continued and ongoing intentional infringement;

E.     That this Court award to Telemedicine statutory damages in the amount of $100,000

15

pursuant to 15 U.S.C. §1117(c)(1), and further find that Defendants' continued and ongoing use of Telemedicine's mark is willful, and award to Telemedicine statutory damages in the amount of $1,000,000 pursuant to 15 U.S.C. §1117(c)(2);

F.　　That this Court issue an order requiring Defendants and all those in privity or concert therewith to deliver up for forfeiture, cancellation and/or destruction all labels, signs, packages, wrappers, articles, domain names, websites, metatags, webinars, electronic downloads, and promotional and advertising materials of any kind in their possession or under their control bearing the mark "**WOUND ROUNDS**," alone or with other terms, or any confusingly similar variation thereof;

G.　　That all costs and expenses in this action, including reasonable attorneys' fees as provided for inter alia by 15 U.S.C. §§1117 and 1125, and appropriate interest on all damages sustained by Telemedicine, be taxed in favor of Telemedicine and against Defendants and that Telemedicine shall have judgment and execution thereof against Defendants; and

H.　　That this Court grant all other relief as this Court may deem just and proper.

Respectfully submitted,

**TELEMEDICINE SOLUTION, LLC**

Date: _March 22, 2012_____　　　　By:　/s/Charles T. Riggs Jr._____
　　　　　　　　　　　　　　　　　*Attorney for Plaintiff*

Charles T. Riggs Jr.
 (riggs@riggs.pro)
The Law Office of Charles T. Riggs Jr.
551 Forest Ave.
River Forest, Illinois 60305
(708) 828-6130



## United States of America
### United States Patent and Trademark Office

# WOUND ROUNDS

**Reg. No. 4,085,591**

**Registered Jan. 17, 2012**

**Int. Cl.: 9**

**TRADEMARK**

**PRINCIPAL REGISTER**

TELEMEDICINE SOLUTIONS LLC (ILLINOIS LIMITED LIABILITY COMPANY)
SUITE 201
1721 MOON LAKE BOULEVARD
HOFFMAN ESTATES, IL 60169

FOR: AN ELECTRONIC DOCUMENTATION AND WOUND CARE MANAGEMENT SYSTEM COMPRISING COMPUTER HARDWARE AND SOFTWARE THAT ENABLES HOSPITALS AND NURSING HOMES TO PROACTIVELY IDENTIFY AND SYSTEMATICALLY MANAGE PATIENTS AT RISK FOR PRESSURE ULCERS, USING HAND HELD ELECTRONIC DEVICE TO CAPTURE COMPLETE, ACCURATE DATA AND POINT-OF-CARE DOCUMENTATION AT THE PATIENT BEDSIDE, AND INTERNET-ENABLED TECHNOLOGY TO AGGREGATE AND STORE THE INFORMATION IN A SECURE DATABASE, MAKING THE INFORMATION READILY AVAILABLE TO ALL CAREGIVERS IN A USEABLE FORMAT, AND ENABLING PROVIDERS TO IMPROVE QUALITY OF CARE, REDUCE COSTS, MINIMIZE RISK AND LIABILITY, AND MAXIMIZE REIMBURSEMENT FOR WOUND CARE, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 11-1-2006; IN COMMERCE 11-1-2006.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SEC. 2(F).

SER. NO. 77-838,566, FILED 9-30-2009.

RUDY R. SINGLETON, EXAMINING ATTORNEY

*David J. Kappos*

Director of the United States Patent and Trademark Office

GROUP EXHIBIT 1

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  *See* 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse)  **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or reminder of these filing requirements.**

---

***ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date).  The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  *See* 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:   Fees and requirements for maintaining registrations are subject to change.   Please check the USPTO website for further information.   With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

GROUP EXHIBIT 1

**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | *e*Business | eBiz alerts | News | Help

**Trademarks** > **Trademark Electronic Search System (TESS)**

*TESS was last updated on Wed Mar 21 04:35:46 EDT 2012*

Logout  Please logout when you are done to release system resources allocated for you.

List At: ___ OR  to record: ___  **Record 2 out of 3**

( *Use the "Back" button of the Internet Browser to return to TESS*)



| | |
|---|---|
| **Word Mark** | **WOUND ROUNDS** |
| **Goods and Services** | IC 009. US 021 023 026 036 038. G & S: An electronic documentation and wound care management system comprising computer hardware and software that enables hospitals and nursing homes to proactively identify and systematically manage patients at risk for pressure ulcers, using hand held electronic device to capture complete, accurate data and point-of-care documentation at the patient bedside, and computer hardware and software to aggregate and store the information in a secure database via the Internet, making the information readily available to all caregivers in a useable format, and enabling providers to improve quality of care, reduce costs, minimize risk and liability, and maximize reimbursement for wound care. FIRST USE: 20061101. FIRST USE IN COMMERCE: 20061101 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 03.21.01 - Caduceus; Serpent and staff (caduceus) |
| **Serial Number** | 77899282 |
| **Filing Date** | December 22, 2009 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | March 6, 2012 |
| **Owner** | (APPLICANT) Telemedicine Solutions LLC LIMITED LIABILITY COMPANY ILLINOIS Suite 201 1721 Moon Lake Boulevard Hoffman Estates ILLINOIS 60169 |
| **Attorney of Record** | Charles T. Riggs Jr. |
| **Prior Registrations** | 4085591 |
| **Description of Mark** | Color is not claimed as a feature of the mark. The mark consists of the wording "WOUND ROUNDS" superimposed on a design element consisting of a stylized caduceus. |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL-2(F)-IN PART |
| **Live/Dead Indicator** | LIVE |
| **Distinctiveness Limitation Statement** | As to "WOUND ROUNDS" |

| .HOME | SITE INDEX | SEARCH | *e*BUSINESS | HELP | PRIVACY POLICY

GROUP EXHIBIT 1

**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

**Trademarks** > **Trademark Electronic Search System (TESS)**

*TESS was last updated on Wed Mar 21 04:35:46 EDT 2012*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

Logout   Please logout when you are done to release system resources allocated for you.

Start   List At: [         ]   OR   Jump   to record: [         ]   **Record 1 out of 3**

TARR Status | ASSIGN Status | TDR | TTAB Status   *( Use the "Back" button of the Internet Browser to return to TESS)*

# WOUND ROUNDS

| | |
|---|---|
| **Word Mark** | WOUND ROUNDS |
| **Goods and Services** | IC 009. US 021 023 026 036 038. G & S: Downloadable webinars in the field of wound care, the management and prevention of wounds, and webinars relating to information regarding wound care and the wound care industry. FIRST USE: 20100120. FIRST USE IN COMMERCE: 20100120 |
| | IC 041. US 100 101 107. G & S: Education services, namely, providing live and on-line webinars, social media presentations, seminars, and teleconferences in the field of wound care, the management and prevention of wounds, and information relating to wound care and the wound care industry. FIRST USE: 20070305. FIRST USE IN COMMERCE: 20070305 |
| | IC 044. US 100 101. G & S: Internet-based health care information services; Providing a web site featuring medical information; Providing a website featuring information in the field of the diagnosis and treatment of wounds and wound care; Providing healthcare information; Providing medical information; Providing news and information in the field of medicine; Providing on-line information, news and commentary in the field of health and wellness relating to the wound care industry and educational webinars and video series relating to wound care. FIRST USE: 20061101. FIRST USE IN COMMERCE: 20061101 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 85536317 |
| **Filing Date** | February 7, 2012 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Owner** | (APPLICANT) Telemedicine Solutions LLC LIMITED LIABILITY COMPANY ILLINOIS Suite 201 1721 Moon Lake Boulevard Hoffman Estates ILLINOIS 60169 |
| **Attorney of Record** | Charles T. Riggs Jr. |
| **Prior Registrations** | 4085591 |
| **Type of Mark** | TRADEMARK. SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

| .HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY

GROUP EXHIBIT 1

Case: 1:12-cv-02079 Document #: 1 Filed: 03/22/12 Page 21 of 33 PageID #:21

**SNEAK PEEK:**

**Countdown until the next Live Streaming session.**

# Welcome to Wound Rounds LIVE streaming broadcast.

*Our stream is delivered over the Real Time Messaging Protocol. If you are having difficulties viewing our stream, you may be behind a firewall or content filter. Please contact your Network Administrator to allow an exception for RTMP streams (port 1935). Additionally, ensure your browser is using the latest version of Adobe Flash, which can be downloaded here.*

Dr. Jeffrey A. Niezgoda and Sharon Baranoski host this exciting new program broadcasting LIVE on the internet to bring you the most cutting edge information in the world of wound care.

*"Great Show!!! What a wonderful way to present information!!"*

Wound Rounds LIVE covers new technologies, products, and devices, clinical insight, new procedures, and robust literature reviews covering every aspect of wound care.

Wound Rounds LIVE segments include:

- Talking Points
- Wheel of Wounds
- Wound Care Work Bench
- Literature Library
- Viewer Mail

Dr. Jeffrey A. Niezgoda and Sharon Baranoski take you to centers of wound care excellence. Dr. Niezgoda is a recognized wound care expert and has served as faculty at both national as well as international conferences. Sharon Baranoski is a master's-prepared advanced practice nurse with 30-plus years of experience in nursing, nursing management, and wound care.

*"Great step in moving the industry forward and getting out the message for both primary and adjunctive uses for HBOT"*

Wound Rounds LIVE provides YOU with the opportunity to interact with Dr. Jeffrey A. Niezgoda and Sharon Baranoski LIVE to have your questions answered. During the broadcast submit your questions in the "Ask the Wound Rounds Table" section OR call 414-385-2999 to have them addressed during our LIVE broadcast.

Wound Rounds LIVE will air the last Wednesday of every month. Register with Wound Rounds LIVE to receive email reminders of air dates, broadcast recaps, and other wound care information.

EPISODE 1
**Sponsored by Advanced BioHealing**
(originally aired on September 28, 2011)

EPISODE 2
**Sponsored by Medical Safety Solutions**
(originally aired on October 26, 2011)

EPISODE 3
**Sponsored by Wound REACH Foundation**
(originally aired on December 14, 2011)





# EXHIBIT 2

Case: 1:12-cv-02079 Document #: 1 Filed: 03/22/12 Page 22 of 33 PageID #:22



EPISODE 4
**Tribute to Eric P. Kindwall, MD**
(originally aired on February 1, 2012)

EPISODE 5
(originally aired on February 22, 2012)

EPISODE 6
(Air Date: March 21, 2012)

**This edutainment is brought to you by WebCME**

EPISODE 4
**Tribute to Eric P. Kindwall, MD**
(originally aired on February 1, 2012)

EPISODE 5
(originally aired on February 22, 2012)

EPISODE 6
(Air Date: March 21, 2012)

# EXHIBIT 2

**From:** Kate Baker [mailto:kbaker@webcme.net]
**Sent:** Thursday, October 27, 2011 1:42 PM
**To:** Cory Fosco
**Subject:** follow up

Cory,

I want to thank you for taking the time to talk with me last week.  I am sorry for the delayed follow up.  We have been working diligently on Epidsode 2 of Wound Rounds Live.  It aired last night, but the archive will be available tomorrow.  You can view it on www.woundroundslive.com.

I apologize, but I missed today's webinar.  How did it go?  Will an archive be available?

I have given a lot of thought to how we could possibly work together in the future.  As promised, I drafted a letter that discusses who we are at WebCME, our history and current focus(attached).  I strongly believe we can help Telemedicine Solutions.  I thought about what you said – making sure to avoid being viewed as an infomercial for WoundRounds during your webinars.  I believe there are several ways we can help and definitely avoid self promotion.

- WebCME could produce a commercial that you can use on your site.
- WoundRoundsLive.com (WRL) could air the commercial on our live show.  The archived episodes have been viewed hundreds of times and would be seen by big players in the industry.
- WoundRounds could be featured on the Wound Care Work Bench segment of WRL

When you have some time, I'd be interested to hear your thoughts.  I am available Tue-Fri of next week.  Please let me know what works for you.

Best,

**Kate Baker**
**Director of Operations**

**WebCME**

**p: 414.385.2384**
**f: 414.385.8721**
**www.webcme.net**

# EXHIBIT 3

*Wound Rounds*™

Telemedicine Solutions, LLC
1721 Moon Lake Blvd., Suite 201
Hoffman Estates, IL 60169
Phone 847 519-3500 Ext. 103
Fax 847 519-3551
david.loveland@tmedsolutions.com

David C. Loveland
Chief Operating Officer

February 10, 2012

Dr. Jeffrey Niezgoda
Hyperbaric & Wound Care Associates
2901 W KK River Parkway, Suite 311
Milwaukee, WI 53215

Dear Dr. Niezgoda:

It has come to our attention that you have recently begun to provide online informational videos related to wound care and the wound care industries under the name WOUND ROUNDS LIVE. Please be aware that the United States Patent & Trademark Office has awarded to us U.S. Trademark Registration No. 4,085,591 for our mark WOUND ROUNDS (copy attached).

I had the opportunity to talk with your co-host, Sharon Baranoski, this week. She is aware from past communications with our clinical director, Anne Scheurich, RN, that our company has been providing wound care technology solutions and information services for almost seven years. Since 2005, we have invested untold time and resources developing and promoting our brand, our name and our mark WOUND ROUNDS in the wound care industry and the healthcare industry in general. Our innovative WOUND ROUNDS® care management system and service is recognized and held in high repute by many health care institutions and by many health care professionals throughout the wound care industry.

As part of our presence in the wound care industry, we have been providing and continue to provide webinars and other informational services related to wound care. Our archived series of educational webinars are presented by industry experts, and cover a range of topics from compliance issues to how electronic wound documentation improves nursing efficiency. Our webinars deliver useful information and tips to help improve the wound care process. We also maintain an extensive internet presence, not only through our website www.woundrounds.com, but also through various social media websites such as You Tube, Facebook and Twitter.

Please be advised that your unauthorized use of a confusingly similar name and mark to our well known name and mark WOUND ROUNDS in connection with your informational videos on your website www.woundroundslive.com, directly conflicts with our rights in and to our name, mark and domain name for WOUND ROUNDS, and is considered to be trademark infringement under federal law.

# EXHIBIT 4

Your use of the name "WOUND ROUNDS LIVE" creates a likelihood of confusion with our name and mark WOUND ROUNDS, as anyone could mistakenly believe that your videos emanate from our company, or that your videos are somehow connected to, sponsored by or affiliated with our company. Additionally, your continued use of the domain name www.woundroundlive.com is likely to cause confusion as to source or affiliation, and misdirect or divert web traffic from our website to your website, and violates our domain name rights under federal law.

Therefore, we respectfully request that you immediately agree to cease and desist from using your infringing name and domain name for WOUND ROUNDS LIVE. To resolve this matter, we are willing to provide you with sufficient time to smoothly transition to a new name.

Although we wish to resolve this matter in an amicable fashion, please be advised that we remain ready to turn this matter over to our trademark counsel to protect and enforce our trademark, trade name and domain name rights should that become necessary. Should you not agree to a voluntary name and domain name change, then we will be forced to obtain a court order to compel you to make a name and domain name change, and seek monetary damages.

Accordingly, please inform us by **February 29, 2012** that you will abandon all use of any name, mark or domain name incorporating the terms "WOUND ROUNDS," or any name, mark or domain name which is confusingly similar to our name, mark and domain name for WOUND ROUNDS. As noted above, we are willing to provide you with sufficient time to smoothly transition to a new name. Notwithstanding this offer, we expressly reserve all of our rights and remedies, and nothing herein should be considered a waiver of any of our rights or remedies.

Thank you in advance for your cooperation. We look forward to hearing from you by **February 29, 2012**.

Sincerely,

David C. Loveland
Chief Operating Officer

*cc: Sharon Baranoski, MSN, RN, CWCN*

EXHIBIT 4

# United States of America

## United States Patent and Trademark Office

# WOUND ROUNDS

**Reg. No. 4,085,591**

**Registered Jan. 17, 2012**

**Int. Cl.: 9**

**TRADEMARK**

**PRINCIPAL REGISTER**

TELEMEDICINE SOLUTIONS LLC (ILLINOIS LIMITED LIABILITY COMPANY)
SUITE 201
1721 MOON LAKE BOULEVARD
HOFFMAN ESTATES, IL 60169

FOR: AN ELECTRONIC DOCUMENTATION AND WOUND CARE MANAGEMENT SYSTEM COMPRISING COMPUTER HARDWARE AND SOFTWARE THAT ENABLES HOSPITALS AND NURSING HOMES TO PROACTIVELY IDENTIFY AND SYSTEMATICALLY MANAGE PATIENTS AT RISK FOR PRESSURE ULCERS, USING HAND HELD ELECTRONIC DEVICE TO CAPTURE COMPLETE, ACCURATE DATA AND POINT-OF-CARE DOCUMENTATION AT THE PATIENT BEDSIDE, AND INTERNET-ENABLED TECHNOLOGY TO AGGREGATE AND STORE THE INFORMATION IN A SECURE DATABASE, MAKING THE INFORMATION READILY AVAILABLE TO ALL CAREGIVERS IN A USEABLE FORMAT, AND ENABLING PROVIDERS TO IMPROVE QUALITY OF CARE, REDUCE COSTS, MINIMIZE RISK AND LIABILITY, AND MAXIMIZE REIMBURSEMENT FOR WOUND CARE, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 11-1-2006; IN COMMERCE 11-1-2006.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SEC. 2(F).

SER. NO. 77-838,566, FILED 9-30-2009.

RUDY R. SINGLETON, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

EXHIBIT 4


Attorneys at Law

Reinhart Boemer Van Deuren s.c.
P.O. Box 2965
Milwaukee, WI 53201-2965

1000 North Water Street
Suite 1700
Milwaukee, WI 53202

Telephone: 414-298-1000
Fax: 414-298-8097
Toll Free: 800-553-6215
reinhartlaw.com

February 23, 2012

Daniel E. Kattman
Direct Dial: 414-298-8185
dkattman@reinhartlaw.com

SENT BY FACSIMILE AND FIRST CLASS MAIL

David C. Loveland
Chief Operating Officer
Telemedicine Solutions LLC
1721 Moon Lake Blvd., Suite 201
Hoffman Estates, IL 60169

Dear Mr. Loveland:                                Re:   WOUND ROUNDS

I represent Dr. Jeffrey Niezgoda. This letter is in response to your letter dated February 10 regarding my client's use of the term WOUND ROUNDS LIVE in connection with a series of webinars and website located at www.woundroundslive.com.

My client respects the intellectual property rights of others; however, upon review of this matter is appears that the term WOUND ROUNDS is highly descriptive, if not generic. Indeed, my client and his colleagues have used this term in their practice for well over the past twelve years. It appears that the term WOUND ROUNDS is a common and generic term used by medical professionals around the country, and likely every wound care clinic in the world.

As such, your company cannot prevent my client from using the term WOUND ROUNDS in connection with information, classes or other services related to conducting "wound rounds" in a healthcare environment.

Your company's trademark registration (Reg. No. 4,085,591) for the mark WOUND ROUNDS appears to relate only to computer software and hardware; and your company was only able to secure this registration by claiming acquired distinctiveness under Section 2(f). Accordingly, it is apparent that your company's rights are strictly limited to the hardware and software specified in this registration. We do not believe that this registration is broad enough to assert rights over my client, or any other healthcare professional that uses the term WOUND ROUNDS in a descriptive context.

Milwaukee • Madison • Waukesha • Rockford, IL
Phoenix, AZ • Denver, CO

EXHIBIT 5

David C. Loveland
February 23, 2012
Page 2

We further note that your company has applied for two other applications. Serial No. 77/899,282 appears to cover the same hardware and software covered by Registration No. 4,085,591. Serial No. 85536317 (filed on February 7, 2012) appears to be an attempt on your part to expand your company's rights to webinars, educational services, and websites containing health-related information. We find it striking that this application was filed after my client contacted your company expressing interest in collaborating on producing the types of services covered by this application.

Because my client began using WOUND ROUNDS LIVE in good faith well before your company filed Application Serial No. 85536317, and because the term WOUND ROUNDS is a highly descriptive (and generic) term, it would appear that your alleged rights are insufficient to prevent my client from continuing to use the term WOUND ROUNDS LIVE. Please be aware that merely filing a trademark application does not confer trademark rights. The fact that this application was filed two years after my client first began using the term WOUND ROUNDS LIVE means that even if Application Serial No. 85536317 were to become registered, it would not be sufficient to prevent my client from continuing to use the WOUND ROUNDS LIVE term under the concurrent use doctrine.

Therefore, my client respectfully declines to abandon its use of the term WOUND ROUNDS LIVE. That said, my client remains interested in partnering with your company to collaborate on producing webinars and educational programs, provided your company ceases to broadly exert trademark rights to the WOUND ROUNDS term.

Should your company maintain the demands conveyed in your letter dated February 10, 2012, my client will have no other choice but to oppose Application Serial No. 85536317, if it becomes published. In fact, given the defects in this application, we ask that your company immediately abandon this application. Should you refuse to do so, my client reserves all of its rights, including the right to file an interference or opposition against Application Serial No. 85536317.

Yours very truly,

Daniel E. Kattman

Reinhart\835081 I DEK:dkk

EXHIBIT 5

# The Law Office of Charles T. Riggs Jr.

PATENTS – TRADEMARKS – COPYRIGHTS
551 N. Forest Avenue
River Forest, Illinois 60305
WWW.RIGGS.PRO
708-828-6130

February 27, 2012

**VIA EMAIL & U.S. MAIL**
(dkattman@reinhartlaw.com)

Mr. Daniel E. Kattman
Reinhart Boerner Van Deuren s.c.
1000 North Water Street, Suite 1700
Milwaukee, WI 53202

Re:    **WOUND ROUNDS LIVE**
      Our File No. TMLLC-M001

Dear Mr. Kattman,

Your letter of February 23, 2012 to David Loveland of Telemedicine Solutions LLC has been referred to me for response. Initially, I note that this is one of the most straightforward cases of trademark infringement that anyone will ever find. Our clients' respective marks are identical, except for your client's addition of the descriptive term LIVE at the end. Further, our clients' respective services are likewise identical.

Addressing the issues raised in your letter, your allegations that the terms WOUND ROUNDS are merely descriptive are misplaced and off-point. At most, WOUND ROUNDS arguably could be considered descriptive of the act of doctors visiting their patients. However, this clearly is not the service being provided under the mark WOUND ROUNDS. Unequivocally, the mark WOUND ROUNDS is not merely descriptive of the goods/services of webinars, on-line educational services, and providing a website featuring medical information, *inter alia*.

Further, your client is not using the terms WOUND ROUNDS in their arguably descriptive sense, in connection with the act of doctors visiting their patients. Instead, your client is using the mark WOUND ROUNDS LIVE as a trade name and a service mark for its webinars. Since your client is using this mark as an indicator of source, my client can absolutely prevent your client from such use.

You should not find it "striking" that my client filed its pending application for WOUND ROUNDS after recently learning of your client's infringing use. This application was not filed to "expand" my client's rights, but to complement its previously existing common law rights, and to supplement its existing registration of its mark WOUND ROUNDS. Further, this application is based upon my client's actual use

## EXHIBIT 6

Daniel E. Kattman
February 27, 2012
Page 2 of 2

of the mark, which clearly predates your client's use, alleged by you to be two years prior to my client's application filing date. Nonetheless, it is noted that your client's first webinar appears to have been provided on September 28, 2011, according to your client's website.

Accordingly, your client can choose to spend hundreds of thousands of dollars fighting a losing TTAB opposition of my client's pending trademark application; however, if need be, it is likely that this issue will have long been resolved before then, by way of an injunction, followed by an award of treble damages and attorneys fees for willful infringement. Since you have indicated that your client does respect the intellectual property rights of others, I would ask instead that your client respect the intellectual property rights of my client, and agree to amicably cease and desist from its trade name and service mark use of the mark WOUND ROUNDS.

Please let me know by March 11, 2012 if we can reach an amicable agreement for your client to change its name, including a reasonable phase out period. I look forward to hearing from you by March 11, 2012.

Sincerely,

Charles T. Riggs Jr.
*riggs@riggs.pro*

cc: David C. Loveland (via email)

EXHIBIT 6

Case: 1:12-cv-02079 Document #: 1 Filed: 03/22/12 Page 31 of 33 PageID #:31

**From:** riggs@riggs.pro <riggs@riggs.pro>

**To:** dkattman@reinhartlaw.com
**Cc:**
**Date:** Monday, March 12, 2012 05:23 pm
**Subject:** Re: In re: WOUND ROUNDS LIVE
**Attachments:**

Dear Mr. Kattman,
Please let me know if you have responded to my below referenced letter.
If so, can you please email to me a copy of your response.
If not, please let me know when I can expect to hear from you.
Thank you,
Charles

Charles T. Riggs Jr., Esq.
Attorney at Law
551 Forest Avenue
River Forest, Illinois 60305
708-828-6130
riggs@riggs.pro

This message and any and all attachments constitute a private, PRIVILEGED AND CONFIDENTIAL communication sent by an attorney and may be confidential and/or protected by attorney-client privilege, attorney work product privilege and/or any other legally recognized privilege. If you have received this email in error and/or if you are not the intended recipient, you are hereby put on notice that any disclosure, dissemination, distribution, copying or use of this email or the information contained in or attached to this email is strictly prohibited. Please immediately reply to the sender of this email to notify the sender of the delivery error, and thereafter delete this email and any and all attachments from your computer, cell phone and/or any other electronic device or system to which this email is or has been stored or may be accessed. Thank you for your cooperation in this regard.

-----Original Message-----
**From:** riggs@riggs.pro [mailto:riggs@riggs.pro]
**Sent:** Monday, February 27, 2012 07:21 PM
**To:** dkattman@reinhartlaw.com
**Subject:** In re: WOUND ROUNDS LIVE

Dear Mr. Kattman,
I represent Telemedicine Solutions LLC.
Please see the attached letter.
I look forward to hearing from you.
Sincerely,

Charles T. Riggs Jr., Esq.
Attorney at Law
551 Forest Avenue
River Forest, Illinois 60305
708-828-6130
riggs@riggs.pro

This message and any and all attachments constitute a private, PRIVILEGED AND CONFIDENTIAL communication sent by an attorney and may be confidential and/or protected by attorney-client privilege, attorney work product privilege and/or any other legally recognized privilege. If you have received this email in error and/or if you are not the intended recipient, you are hereby put on notice that any disclosure, dissemination, distribution, copying or use of this email or the information contained in or attached to this email is strictly prohibited. Please immediately reply to the sender of this email to notify the sender of the delivery error, and thereafter delete this email and any and all attachments from your computer, cell phone and/or any other electronic device or system to which this email is or has been stored or may be accessed. Thank you for your cooperation in this regard.

EXHIBIT 7

**From:** riggs@riggs.pro <riggs@riggs.pro>

**To:** dkattman@reinhartlaw.com
**Cc:**
**Date:** Thursday, March 15, 2012 04:35 pm
**Subject:** Re: In re: WOUND ROUNDS LIVE
**Attachments:**

Mr. Kattman,
I wanted to follow up on my calls yesterday and today regarding the above identified matter.
As discussed, please let us have your response to our letter of February 27, 2012 by tomorrow.
Thank you,
Charles

Charles T. Riggs Jr., Esq.
Attorney at Law
551 Forest Avenue
River Forest, Illinois 60305
708-828-6130
riggs@riggs.pro

This message and any and all attachments constitute a private, PRIVILEGED AND CONFIDENTIAL communication sent by an attorney and may be confidential and/or protected by attorney-client privilege, attorney work product privilege and/or any other legally recognized privilege. If you have received this email in error and/or if you are not the intended recipient, you are hereby put on notice that any disclosure, dissemination, distribution, copying or use of this email or the information contained in or attached to this email is strictly prohibited. Please immediately reply to the sender of this email to notify the sender of the delivery error, and thereafter delete this email and any and all attachments from your computer, cell phone and/or any other electronic device or system to which this email is or has been stored or may be accessed. Thank you for your cooperation in this regard.

-----Original Message-----
**From:** riggs@riggs.pro [mailto:riggs@riggs.pro]
**Sent:** Monday, March 12, 2012 05:23 PM
**To:** dkattman@reinhartlaw.com
**Subject:** Re: In re: WOUND ROUNDS LIVE

Dear Mr. Kattman,
Please let me know if you have responded to my below referenced letter.
If so, can you please email to me a copy of your response.
If not, please let me know when I can expect to hear from you.
Thank you,
Charles

Charles T. Riggs Jr., Esq.
Attorney at Law
551 Forest Avenue
River Forest, Illinois 60305
708-828-6130
riggs@riggs.pro

This message and any and all attachments constitute a private, PRIVILEGED AND CONFIDENTIAL communication sent by an attorney and may be confidential and/or protected by attorney-client privilege, attorney work product privilege and/or any other legally recognized privilege. If you have received this email in error and/or if you are not the intended recipient, you are hereby put on notice that any disclosure, dissemination, distribution, copying or use of this email or the information contained in or attached to this email is strictly prohibited. Please immediately reply to the sender of this email to notify the sender of the delivery error, and thereafter delete this email and any and all attachments from your computer, cell phone and/or any other electronic device or system to which this email is or has been stored or may be accessed. Thank you for your cooperation in this regard.

-----Original Message-----
**From:** riggs@riggs.pro [mailto:riggs@riggs.pro]
**Sent:** Monday, February 27, 2012 07:21 PM
**To:** dkattman@reinhartlaw.com
**Subject:** In re: WOUND ROUNDS LIVE

Dear Mr. Kattman,
I represent Telemedicine Solutions LLC.
Please see the attached letter.
I look forward to hearing from you.
Sincerely,

Charles T. Riggs Jr., Esq.
Attorney at Law
551 Forest Avenue
River Forest, Illinois 60305
708-828-6130
riggs@riggs.pro

This message and any and all attachments constitute a private, PRIVILEGED AND CONFIDENTIAL communication sent by an attorney and may be confidential and/or protected by attorney-client privilege, attorney work product privilege and/or any other legally recognized privilege. If you have received this email in error and/or if you are not the intended recipient, you are hereby put on notice that any disclosure, dissemination, distribution, copying or use of this email or the information contained in or attached to this email is strictly prohibited. Please immediately reply to the sender of this email to notify the sender of the delivery error, and thereafter delete this email and any and all attachments from your computer, cell phone and/or any other electronic device or system to which this email is or has been stored or may be accessed. Thank you for your cooperation in this regard.

# EXHIBIT 8

+You   Search   Images   Maps   YouTube   News   Gmail   Documents   Calendar   More ▾

wound rounds                                                                 Sign in

**Search**          About 9,620,000 results (0.15 seconds)

**Everything**

Images

Maps

Videos

News

Shopping

More

---

**Elmhurst, IL**
Change location

Show search tools

**WoundRounds** : Wound Care Management Software
www.**woundrounds**.com/
**WoundRounds** is an electronic documentation and wound care software management
system that enables hospitals and nursing homes to proactively identify **...**

　　Overview                              Wound Rounds Management
　　WoundRounds is an electronic         As seen in Long-Term Living
　　documentation and **wound** care **...**   Magazine... describe the image **...**

　　Career Opportunities                 Testimonals
　　WoundRoundsTM, is an electronic      The physicians love the reporting too,
　　point-of-care wound **...**               because they can keep **...**

　　Wound Rounds :: Management           Benefits for Wound Care Nurses
　　Mike Diamond President and Chief     WoundRounds is an electronic
　　Executive Officer. Mike **...**           documentation and **wound** care **...**

　　More results from woundrounds.com »

**Wound Rounds** Live
www.**woundrounds**live.com/
Welcome to **Wound Rounds** LIVE streaming broadcast. **... Wound Rounds** LIVE
covers new technologies, products, and devices, clinical insight, new procedures **...**

**Wound Rounds** Live
www.**woundrounds**live.com/Episode5.asp
EPISODE 5 (originally aired on February 22, 2012). 00:00:00 / 00:00:00. This
edutainment is brought to you by WebCME.

[DOC] **Wound Rounds** Procedure
www.mainequalitycounts.org/.../202-**wound-rounds**-procedure.html
File Format: Microsoft Word - Quick View
**Wound Rounds** Procedure. **Wound rounds** will be scheduled twice a week –
Tuesday at 2:30 and Friday at 8:00 a.m. The **Wound Rounds** team will consist of the
**...**

**Wound Rounds** Live - S1E1 - Hyperbaric Highlights - YouTube
www.youtube.com/watch?v=-IKRbbz0JCg
Oct 12, 2011 – This is the Hyperbaric Highlights segment from **Wound Rounds** Live
Season 1 - Episode 1 with hosts Dr. Jeffrey A. Niezgoda and Sharon **...**

**Wound Rounds** Live - S1E1 - In the News - YouTube
www.youtube.com/watch?v=tt4LeVahQVk
Oct 12, 2011 – This is the In the News segment from **Wound Rounds** Live Season 1 -
Episode 1 with hosts Dr. Jeffrey A. Niezgoda and Sharon Baranoski.

O2.0 - hyperbaric oxygen therapy news: **Wound Rounds** Live **...**
hyperbariclink.blogspot.com/.../**wound-rounds**-live-monthly-webcast...
Sep 27, 2011 – **Wound Rounds** Live: Monthly Webcasts Begin. On the last
Wednesday of every month, beginning tomorrow, WebCME will present a free, live **...**

Episode 3 **Wound Rounds** Live will air Wednesday, December 14th **...**
www.linkedin.com/.../Episode-3-**Wound-Rounds**-Live-3834015.S.8...
Episode 3 **Wound Rounds** Live will air Wednesday, December 14th. Please join us!
Episode 3 will feature a special guest appearance by Dr. Barbara Bates **...**

**Wound Rounds** Live « WOUND BLOG by Matthew Livingston RN
**wound**blog.com/tag/**wound-rounds**-live/
Feb 18, 2012 – The next installment of **Wound Rounds** LIVE is this Wednesday at
noon (EST). This month's episode will feature Dr. Ravi Kamepalli who will **...**

**Wound Rounds** Live | Medical CEU's | WebCME - Continuing **...**
www.webcme.net/medicalCMECourses.asp?...**Wound**%20**Rounds**%2...
Oct 26, 2011 – WebCME News: Tune in to **Wound Rounds** LIVE! Look for us at
APWCA 2012! NEW!! Tension Pneumothorax Simulation · Sales Professionals: **...**

Searches related to **wound rounds**
wound **care** rounds
wound **care** **management**

1   2   3   4   5   6   7   8   9   10      **Next**

Advanced search      Search Help      Give us feedback

Google Home      Advertising Programs      Business Solutions      Privacy & Terms
About Google

EXHIBIT 9